IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHRISTOPHER KAGAWA, | ) | Civil No. 23-00105 MWJS-KJM |
|---|---|---|
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' BILL OF COSTS |
| vs. | ) ) | |
| COUNTY OF HAWAII POLICE DEPARTMENT; ALRIC DALERE, in his individual capacity; MICHAEL SANTOS, in his individual capacity; ET AL., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

FINDINGS AND RECOMMENDATION
TO DENY DEFENDANTS' BILL OF COSTS

On September 17, 2025, Defendant County of Hawaii Police Department, Alric Dalere, in his individual capacity, and Michael Santos, in his individual capacity (collectively, "Defendants"), timely filed a Bill of Costs. ECF No. 105. Plaintiff Christopher Kagawa ("Plaintiff") did not file an opposition or otherwise respond to the Bill of Costs.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After carefully considering the Bill of Costs, applicable law, and record in this case, the Court finds and recommends that the district court DENY the Bill of Costs for the reasons set forth below.

BACKGROUND

This case concerns Defendants' arrest of Plaintiff on July 22, 2021, and Plaintiff's claims for civil rights violations arising therefrom. On February 24, 2023, Defendants removed this case to federal court. ECF No. 1. The operative pleading is the First Amended Complaint. ECF No. 1 at 6–48. On May 30, 2025, Defendants filed a Motion for Summary Judgment on All Claims ("MSJ"). ECF No. 78. On September 4, 2025, the district court issued an order granting the MSJ ("09/04/2025 Order"). ECF No. 103. That same day, the Clerk of Court entered Judgment in a Civil Case pursuant to the 09/04/2025 Order. ECF No. 104.

On September 17, 2025, Defendants filed a Bill of Costs. ECF No. 105.

DISCUSSION

Defendants seek $9,203.13 in taxable costs. *Id.* Federal Rule of Civil Procedure 54 and Local Rule 54.1 govern recovery of taxable costs. Local Rule 54.1 states that a Bill of Costs "must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs claimed are correctly stated, were necessarily incurred, and are allowable by law." LR54.1(c) (emphasis added). Local Rule 54.1 also states that "[n]on-compliance with any provision of LR54.1 shall be deemed a waiver of costs." LR54.1(a).

Here, Defendants' Bill of Costs does not comply with Local Rule 54.1. Defendants do not submit the requisite memorandum setting forth the grounds and authorities supporting its request for costs. The Court thus finds that Defendants fail

2

to comply with Local Rule 54.1(c) and such non-compliance constitutes a waiver of costs. LR54.1(a). Accordingly, the Court recommends that the district court deny the Bill of Costs.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Defendants' Bill of Costs (ECF No. 105).

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 25, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Kagawa v. Cnty. of Haw. Police Dep't, et al.*, Civil No. 23-00105 MWJS-KJM; Findings and Recommendation to Deny Defendants' Bill of Costs